# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EVERETT HARSHMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Defendants. | Case No. CV 18-07243 JGB (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On August 17, 2018, plaintiff, a federal prisoner presently confined at USP Lompoc in Lompoc, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action presumably pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees.[2] (ECF No. 11.) The body of the Complaint lists "Responsible

---

[1] Plaintiff does not allege the basis of his civil rights action in the Complaint, but he appears to claim that he was deprived of a right under the federal constitution or laws by federal law actors, which is most closely aligned with a *Bivens* claim.

[2] The Court notes that Plaintiff has filed a Motion for Appeal/Reconsideration of Magistrate Judge's Order and Denial of Consent to Magistrate Judge's Jurisdiction. (ECF No. 25.) For hearings and preliminary matters such as this screening, this case has been referred to this Court. (ECF No. 3.) Accordingly, this Order is issued based on referral, not consent.

Parties," but it does not specify any defendants, nor are any defendants listed in the caption of the pleading.[3]

Plaintiff's claims appear to arise from an "[e]rroneous" notation of an escape attempt placed by "BOP [Federal Bureau of Prisons] staff" in plaintiff's Inmate Central File, causing plaintiff to be placed in federal penal institutions designed and utilized for prisoners with higher security custody levels. (ECF No. 1 at 1.)[4] He claims that "these employees continually ignored BOP policies, and/or misinterpreted said policies, thwarting [his] considerable efforts to correct this injustice." (*Id.*) He appears to claim a violation of his Privacy Act rights under 5 U.S.C. § 552a(e)(5) and his constitutional rights, including "Freedom of Speech; Petition the Government for a Redress of Grievances; Due Process; Free of Cruel and Unusual Punishment; Equality Under Law/Equal Protection." (*Id.* at 1, 61-82.) Plaintiff seeks injunctive relief ordering corrections to his Inmate Central Files, and actual, nominal, compensatory, and punitive damages. (*Id.* at 1, 55-60, 86.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies

---

[3] Pursuant to Fed. R. Civ. P. 10, the caption of the Complaint must name all parties, and the claims must be set forth in numbered paragraphs in the body of the Complaint.

[4] Page references are to the ECF numbers at the top of each page.

2

the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that subject matter jurisdiction is lacking; the Complaint fails to comply with Rule 8 because it does not state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest; and the allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[5]

## DISCUSSION

**A.     Claims challenging plaintiff's classification**

Plaintiff's claims all appear to relate to his BOP classification status and his assignment to certain institutions based on "[e]rroneous data" placed in his Inmate Central File. (ECF No. 1 at 1, 61-82.) Plaintiff asserts various statutory and

---

[5]     Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

constitutional violations based on an incident at FDC SEATAC in Seattle, Washington, which was misinterpreted by the BOP as an escape attempt; he alleges that as a result, he does not qualify for "PSF escape" or "PSF attempted escape" pursuant to the BOP's Inmate Security Designation and Custody Program Statement PS 5100.08 ("PS 5100.08"). (*Id.* at 7, 67-69.)

The assignment of inmate Public Safety Factors ("PSFs") is governed by P5100.08, issued pursuant to 18 U.S.C. § 3621(b),[6] which guides the BOP in classifying inmates to place them "in the most appropriate security level institution that also meets their program needs." *See* PS 5100.08, cover page, available at http://www.bop.gov/policy/progstat/5100_008.pdf (accessed February 12, 2019). Under PS 5100.08, an inmate in BOP custody is assigned a security point score, which assists the BOP in assigning the inmate to an institution with an appropriate security level. *See id.*, Ch. 1 p. 2. Numerous factors affect an inmate's security point score, including his commitment offense, criminal history, and history of violence. *See id.*, Ch. 4, pp. 5-15. PS 5100.08 also permits the BOP to apply PSFs to inmates who are "not appropriate for placement" at a minimum security facility. *Id.*, Ch. 2, p. 4. The PSF overrides an inmate's security point score to ensure appropriate placement. *Id.*

However, federal courts lack subject matter jurisdiction to adjudicate a plaintiff's challenge to his BOP classification status based on alleged violation of BOP's policies. *See Andreozzi v. Ricotta*, 2018 WL 4953262, at *10 (D. Ariz. Oct. 12, 2018) (dismissing plaintiff's claim that defendants acted in violation of PS 5100.08 for lack of subject matter jurisdiction because the BOP designates the place of imprisonment) (citing *Aldaco v. Holder*, 2011 WL 825624, at *11 (D. Minn.

---

[6] "The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable . . . ." 18 U.S.C. § 3621(b). Thus, Congress vested authority to determine where federal prisoners are housed solely with the BOP.

Jan. 7, 2011) ("Judicial review of agency actions made pursuant to 18 U.S.C. § 3621, including actions made under P.S. 5100.08, is foreclosed under 18 U.S.C. § 3625.")); *Mendoza v. Sanders*, 2012 WL 601787, at *2-3 (C.D. Cal. Jan. 30, 2012) (dismissing plaintiff's prison classification claim for lack of subject matter jurisdiction because it was within the BOP's sole discretion to assign plaintiff to a particular institution) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1228-29 (9th Cir. 2011) (holding federal courts lack jurisdiction to review BOP's purported violation of its own program statement)).

Accordingly, it appears that the Court lacks subject matter jurisdiction over plaintiff's claims challenging his prison classification based on violation of BOP policies.[7]

## B. Claims against the BOP prisons, detention center, agencies, and employees

The Complaint names USP Atwater, FCI #1 Victorville, FCI Herlong, USP Lompoc, FDC SEATAC, and various named and unknown BOP employees in their individual capacities at these locations as "Responsible Parties." (ECF No. 1 at 53-54.) The Complaint also names as "Responsible Parties" the following BOP agencies and their unknown staff: Designation and Sentence Computation Center ("Grand Prairie"), Western Regional, and Central Office. (*Id.* at 54.) The Complaint names no defendants. To the extent plaintiff claims that the "Responsible Parties" are intended to be the defendants, claims against certain of these parties are barred by sovereign immunity.

---

[7] The Court also advises that inmates have no due process liberty interest in their placement and classification status while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that federal prison officials have "full discretion" to control prisoner classification and eligibility for rehabilitative programs, and an inmate "has no legitimate statutory or constitutional entitlement sufficient to invoke due process"); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (holding due process not implicated in federal prisoner's transfer to a more restrictive unit, noting "prison officials [must be allowed] the freedom to exercise their administrative authority without judicial oversight").

A suit against the BOP prisons, detention center, and agencies is tantamount to a suit against the United States, which, as a sovereign, "is immune from suit unless it expressly waives its immunity and consents to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States has not waived its sovereign immunity for civil rights suits under *Bivens*, and thus, plaintiff cannot bring a civil rights suit for damages against the BOP prisons, detention center, and agencies because they are immune from suit. *See id.; see also Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself."). Also, if Western Regional and Central Office unknown staffs are named in their official capacities (ECF No. 1 at 54), they are immune from suit. *See Gilbert*, 756 F.2d at 1458.

Thus, plaintiff may not proceed with any civil rights claims seeking damages against any BOP prison, detention center, or agency, or any BOP employee in that employee's official capacity. In addition, government officials may not be held liable under *Bivens* simply because their subordinates engaged in unconstitutional conduct. *See Iqbal*, 556 U.S. at 676.

Plaintiff is further advised that should he seek money damages from BOP employees in their individual capacities, venue is governed by the provisions of 28 U.S.C. § 1391(b), which permits venue only in the judicial district where the defendants reside if all defendants are residents of the state in which the district is located, or in the judicial district in which a substantial part of the claim arose. *See Brown v. United States,* 2012 WL 893175, at *2 (E.D. Cal. Mar. 14, 2012) (noting suits against federal government officers in their individual capacities are governed by the venue provisions of § 1391(b)) (citing *Stafford v. Briggs*, 444 U.S. 527, 544 (1980)). It appears that a substantial part of plaintiff's claims arose from events occurring at FDC SEATAC, which is located in the Western District of Washington, and potential defendants presumably reside throughout the Central District of

California, the Eastern District of California, the Northern District of Texas, and the District of Columbia.

## C. Rule 8

Plaintiff's Complaint violates Rule 8 because it fails to allege a minimum factual basis for any claim that is sufficient to give any purported defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

As noted above, because plaintiff is a *pro se* litigant, the Court must construe the factual allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, the Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

To the extent that plaintiff wishes to raise a federal civil rights claim against a defendant, he must specify each defendant, set forth a short and plain statement of each claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that *caused* each alleged constitutional deprivation. Plaintiff, however, fails to make allegations against any defendant. In addition, the Complaint (consisting of approximately 90 pages) does not clearly and concisely state the number of claims plaintiff is purporting to raise and against which defendant each of his claims is raised. Plaintiff fails to set forth a simple and direct statement of the factual or legal basis of any claim that is sufficient to allow each defendant to discern what he or she is being sued for. To state a claim

9

against more than one unnamed defendant, plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint and show how each defendant individually participated in the alleged constitutional violations, whether or not plaintiff knows the defendant's name.

Finally, it appears that plaintiff may be attempting to raise a Privacy Act claim for violation of 5 U.S.C. § 552a for failure to maintain his Inmate Central File error-free. (ECF No. 1 at 1, 61.) However, there is no right of action based on the contents of Petitioner's Inmate Central File because such claims have been exempted by the BOP. *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97(j); *Wisdom v. Fed. Bureau of Prisons*, 2016 WL 3688682, at *3 (E.D. Cal. July 11, 2016) ("Plaintiff cannot . . . state a cognizable claim under the Privacy Act based on the contents of his Inmate Central File because such claims have been exempted by the BOP from the Privacy Act provisions."); *Speight v. Fed. Bureau of Prisons*, 2008 WL 3411660, at *2 (D.D.C. Aug. 11, 2008) ("[T]he Privacy Act's provision for civil action is not available for matters arising from records in [the BOP's] Inmate Central Records system, and [plaintiff] has no right of action with respect to those records.").

***********

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First

10

Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 2/19/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments:   Civil Rights Complaint (CV-66)
Notice of Dismissal (CV-009)